*o*

*ce: SOM/X*

Lonnie E. Larson
2035 Holowai Place C-8
Wailuku, HI. 96793
email lonnielarsonada@yahoo.com
Ph 808-281-4444



ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 24 2016

at 4 o'clock and 00 min. P M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| LONNIE E. LARSON | |
| Plaintiff, | |
| v. | |
| ATTORNEY GENERAL | |
| OF STATE OF HAWAII | |
| 425 QUEEN Street | Civil Action No. C V 16 00151 SOM KSC |
| Honolulu, HI. 96813 | COMPLAINT |
| Defendant. | |

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of the state of Hawaii pro-se and forma pauper-is a permanently disabled / veteran as recognized by Social Security Administration and Hawaii Disability Rights Center.

2. Defendant the Attorney General of Hawaii is organized and existing under the laws of the State of Hawaii whose principal place of business is Honolulu, Hawaii.

3. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff and Defendant Attorney General of Hawaii are citizens of the same state, and the amount in controversy exceeds $75,000 including interest and costs. The Court has subject matter jurisdiction over This lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff's and Defendant are citizens of the same state and country and present a Federal question against Plaintiff.

4. The Court has jurisdiction over this lawsuit to award declaratory relief pursuant to 28 U.S.C. § 2201. This Court has jurisdiction to award injunctive release 28 U.S.C. § 2202.

5. This Court has ancillary and/or supplemental jurisdictional pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state laws causes of action.

The Court has subject matter jurisdiction over this lawsuit pursuant to 42 U.S.C. 12101 et. Seq. ,18 U.S.C. 1341 "Mail Fraud"; and 18 U.S.C. 1343 "Wire Fraud" 18 U.S.C. § 1505 "Obstruction of Justice" and present federal questions. This Court has jurisdiction to award declaratory relief pursuant to 28 U.S.C. § 2201. This Court has jurisdiction to award injunctive relief pursuant to 28 U.S.C. § 2202.

6. This Court has jurisdiction under the American Disability Act of 1990 , Title II ADA Act and rehabilitation Act of 1973 Section 504 .

7. This Court has ancillary and/or supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's state law causes of action.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(3) because the causes of action arose in this district, Defendants did business within this district, and pursuant to the Plaintiff is a resident of this district and Defendants committed tortious in this district in Hawaii.

## FACTUAL ALLEGATIONS

9. The Attorney General sent to Plaintiff on March 24, 2011 a letter that indicated the U.S. Certified Mail of May 15, 2009 had been stamped dated into their offices at 425 Queen St. Honolulu, Hawaii , however only ( 4 ) four pages of "Precaipe" were located in his search and not  "Discovery Questions" of ( 10 ) ten pages. The U.S. Postal Inspector indicated with a weight / ounces amount of $1.39 for that  U.S. Certified Mail was a  total of ( 14 ) fourteen pages as were sent and received in the U.S. Postal Service system, By the actions alleged above, of May 15, 2009 the Plaintiff did not discover and was able to verify these violations until on or about March 24, 2011 upon receipt of  Defendant's letter.
Ex. # 1 & 2

10. Plaintiff had send a letter to the Attorney General on February 2, 2011 asking to investigate these issues of alleged missing , lost , stolen or concealed the  U.S. Certified Mail of May 12, 2009 of CV No. 09-00537 in the Federal District Court of Hawaii regarding the U.S Certified Mail parcel sent to Deputy Attorney General Cregor.

11. I sought an investigation from the United States Postal Inspection Service as to why the Attorney General's office never received the May 12, 2009 U.S. Certified of May 15, 2009.

12. The total (14 ) fourteen total  pages containing  the 10 (ten) pages "First set of Discovery" and  ( 4 ) four pages of "Preacipe" were  sent on May 12, 2009 U.S. Certified Mail parcel CM™ Item number 7008 1830 0003 7133 7645 and delivered to the Attorney General office according to the U.S Post Office.
 Ex # 3

13. The weight cost in ounces of only 4 (four ) pages of the Precaipe would have been 1/3 ( one-third ) the cost of the May 12, 2009 actual weight ounces of the U.S Mail receipt of May 12, 2009 that was $ 1.39 cents, for a total of total 14 (fourteen) pages.

14. The First Set of (10) ten pages "Discovery Questions" and ( 4 ) four pages "Precaipe" was sent to Deputy Attorney John Cregor Jr . and Caron Inagaki U.S. Certified Mail CM™ Item number 7008 1830 0003 7133 7645 with accordingly cost of $1.39 for the postage rate by weight of ounces for a total of 14 (fourteen) pages on May 12, 2009. Ex. # 4

15. Not receiving a response within 30 days as mandated under the Federal Rules of Civil Procedure the Plaintiff filed a "Motion to Compel Discovery" responses. Cregor responded to the Court in "Opposition to the Motion" to Compel" stating that his office never received the discovery requests: Ex # 5.

> "To date, Defendant has not received any discovery requests nor is there any reference ,"
>
> "Defendant's attorney and staff have made a diligent search of their files and can say with a high degree of confidence that they have not received Plaintiff's discovery requests."

16. The Court relying on these representations of Cregor denied the "Motion to Compel", and as a result no answers were received by Cregor to any of my discovery requests that I was entitled to under the Federal Rules of Civil Procedure. Ex # 6.

5

17.  The Court subsequently dismissed CV-09-00537, however there was no mention of alleged actions or of the lost, stolen or concealed First Set of Discovery Questions sent to the Deputy Attorney General Cregor or anyone else as to the the U.S. Certified Mail of May 15, 2009 in the Court's Rulings Ex. # 7 .

18. When asked about this U.S. Certified Mail parcel CM™ Item number 7008 1830 0003 7133 7645   Attorney Cregor in a letter on April 27, 2010 he continued to deny receipt of the 10 (ten) pages "Discovery" or the 4 ( four) pages of the "Precaipe" or any documents including sent in interstate to Hawaii or knowledge of any received mail on May 15, 2009 to the Attorney General office  .Ex# 8.

"Certainly you are free to request the Postal Service to investigate what happened to your requests; however, your suggestion that the documents came into the possession of a courier from the Department of the Attorney General is incorrect and totally unsubstantiated. Other than your assertion that you did mail the documents, the documents, the Postal Service is unable to verify that the documents were ever received

by the Postal Service."

19. By letter dated April 28, 2011 Postal Service verified, through a proof of delivery with signature that the U.S. Certified Mail was delivered to Attorney General courier identified as "K. Ramsey", the courier for the Attorney General's Office who signed at 8:51 a.m. on May 15, 2009 Ex# 9.

20. The U.S.P.I. S. through U.S. Senator Inouye's office sent a letter
March 17, 2011 informing  that "no postal employees were at fault"
for the delivery of the May 12, 2009 U.S. Certified Mail  to the Attorney
General on May 15, 2009.
Ex.# 10.

21. When confronted with this evidence, Attorney Cregor admitted in a May 20,
2010 letter, the person signing for my certified mail was an employee of the
Attorney General's office. Cregor stated that an unnamed postal clerk failed to
properly include the discovery requests in the mail buckets as picked up.

> "Thank you for your letter of May 2010 advising that
> delivery of questionable item was signed by K. Ramsey
> on May 15, 2009 . Ms Ramsey is indeed an employee of
> this department . I have spoken  with here and she explained
> the time , she was one of the three messengers who regularly
> picked up the Attorney General from the post office.
> "Ms Ramsey has no way of knowing whether or not each piece of
> Certified mail, for which she signed the machine , was actually '
> placed into the bucket by the postal clerk .

Cregor did not otherwise explain how the certified mail items of 14 (fourteen )
pages would be lost, stolen, concealed or misplaced with subsequent delivery
evident by U.S.P.S U.S. Certified Mail receipt . Ex. # 11

22 . Although he asserts the courier's lack of knowledge concerning receipt of acceptance as to the U.S. Certified Mail of May, 15, 2009 and even after his own "diligent search" and his staff was also allegedly  "false" and / or "misrepresentative" and /or concealing of the evidence from the U.S.P.S.

23. The U.S. Post Offices utilizes computerized systems to measure the contents and weight of all packages with laser scanning for proof of signature to prevent this type of mistakes indicated by Cregor and also releasing <u>only</u> what is signed for by the patron is impossible. All other U.S. Certified Mail correspondence in CV-09-00537 was not lost misplaced or stolen or concealed during the months of January 2009 to  July 2009.

24. Also, the USPIS investigation of April 28, 2010 verified that the U.S. Certified  of May 12, 2009  was delivered on May 15, 2009 to the courier for the Attorney General's Office.

25. Then I asked Attorney General on July 9, 2011 to explain this matter and then asked to open the files of this case to get a copy of the U.S. Certified Mail envelope with the U.S. Certified Mail number, Cregor stated the Attorney General Office retains all envelopes and would cooperate . Ex# 12.

26. Cregor reported when the files of this case were opened to get a copy of the May 15, 2009 U.S. Certified Mail envelope it was not in the files at the Attorney General's office . Ex# 13.

27 . Cregor provided a letter on Jan. 31, 2012 stating the May 15, 2009 contents had been sent of the U.S. Certified Mail in the files of the Attorney General's office , but did not provide any answers to what happened to the 10 (ten) pages of the First Set of Discovery Questions sent May 12, 2009.

Cregor also did not state in the Jan. 31, 2012 letter the CV-09-00537 being dismissed by the District Court and Ninth Circuit Court of Appeals are only relative to the claims of Title II ADA discrimination and not the alleged fraudulent actions surrounding the U.S. Certified Mail of May 15, 2009.

 Ex. # 14.

28. Cregor has not explained the alleged mail theft, fraud,concealment or obstruction of justice of the May 15, 2009 U.S. Certified Mail of $1.39 actual/weight cost contents or provided U.S. Certified envelope to verify the Attorney General's investigation relative to the March 24, 2011 letter.

29. There is no District Court or Ninth Circuit reference is for the dismissal of these alleged mail theft ,stolen, lost, fraud, concealment or obstruction of justice matters in CV-09-00537. Ex.# 15

30. At no time did Mr. Larson consent to the illegal interception, fraud, theft or concealment and obstruction of justice of Deputy Attorney General Cregor or others at the Attorney General's office to allegedly disrupt, steal or conceal U.S. Certified Mail documents concerning these matters and take them out of this U.S. Certified Mail of May 12, 2009 without his authority on May 15, 2009 at the Attorney General's office.

9

31. In this case the presumption is supported by my mailing receipts, of actual weight/postage ounces of May 12, 2009 U.S. Certified Mail weight cost ounce contents of $1.39 for 14 ( fourteen ) pages, the delivery confirmation notices of May 15, 2009 U.S. Certified Mail by U.S.P.S-Honolulu Hawaii, proof of delivery showing actual receipt by State of Hawaii Attorney General Courier- K. Ramsey on May 15, 2009.

32. There is verification of by Attorney General in a March 24, 2011 letter of U.S. Certified Mail to Cregor on May 15, 2009 with proof of confirmation to the Attorney General by the stamp dated of May 15, 2009
.

33. Defendant Cregor attempted to rebut these presumptions by the United States Postal Inspection Service confirmation letters from Washington, D.C. and Honolulu, Hawaii Postal Inspectors, also has allegedly concealed the verification of delivery before Attorney General found delivery and acceptance on May 15, 2009 U.S. Certified Mail in a March 24, 2011 letter.

34. A letter from Cregor dated October 16, 2012 that the "litigation files of Attorney General are not open for inspection " Ex. 16

35 . Cregor and Louie was contacted November 5, 2012 in regard to reviewing files relevant to the Title II ADA "reasonable accommodations" to review this U.S. Certified Mail of May 15, 2009  and on November 9, 2012 Cregor replied indicating the "litigation files of the Attorney General are not open for inspection." Ex. # 17 & 18

36. The Attorney General ADA Officer David Moore on December 11, 2012 was contacted as per Deputy Attorney Cregor's non-compliance under the Rehabilitation Act of 1973 Section 504 and Hawaii Statues 92F-12 to review the files to verify that the U.S. Certified Mail of May 15, 2009 and other of my mailings . Ex. # 19

37.ADA officer David Moore replied December 24, 2012 regarding not allowing me access to the Attorney General litigation files in a brief statement "which is not an ADA issue." Ex. # 20

38. A reply to ADA Officer David Moore was made December 26, 2012 and was reminded the specifics relating to "all activities of State and Local governments are required to make reasonable accommodations" to polices, practices and procedures to avoid discrimination etc. unless it is an administrative burden under the American Disability Act of 1990 Title II .

Ex # 21

38. A Title II ADA Discrimination complaint was filed with the Dept. of Justice on June 3, 2013 and a "Right to Sue" letter was of correspondence acknowledged on June 13, 2013 . Ex. # 22 & 23

39. The Office of Information Practices was informed of non-compliance to review files and being denied access and a request sent to the OIP and filed an appeal to access my personal records with the Attorney General .

40. On September 9, 2013 I received an OIP decision to review my records at the Attorney General and that I may have been previously denied Ex. # 24

11

41. Only a copy of an envelope dated April 15, 2009 was sent from Deputy Attorney General Stella Kam on January 28, 2014 Records Request .

42. On February 7, 2014 a Request to Access Government Records was sent to Attorney Kam of the entire records of CV-09-00537 relative to case work of Attorney Cregor to include Attorney Kam , Marnie Goo,and Attorney David Moore, Ex.# 25

43. On September 18, 2014 the F.B.I replied from a letter sent to U.S. Senator Schatz's office and noted the review of past information and informed the Plaintiff that due to limited resources that they will not be pursuing this matter and to "feel free to pursue claims via whatever other means available to you" Ex. # 26

44. On January 15, 2015 Attorney Kam " If you would like to inspect the files relating to "all files ofCV-09-00537 ,please contact me at 808-586-0618 . Ex. #27

45. On June 15, 2015 Attorney Kam sets a final date to review files and then denies any further dates to review the files if I cannot attend , regardless of my disability and medical appointment schedules in Queens Hospital .

46. On March 15, 2016 a letter was sent to Attorney General Chin regarding the issues surrounding the events of May 15, 2009 and March 24, 2011 subsequent years of actions of Attorney Cregor, Attorney General , Attorney Kam and Attorney Moore , there has not been any response from the Attorney General's office. Ex. #28

54.) Defendants discriminated against Plaintiff, a qualified individual with a Disability shall in violation of the ADA , 42 U.S.C. § 12132 and 28 C.F.R. § 36.201(a), by excluding him from participation in or denying the benefits of services, programs or activities of public entity, or subjected him to discrimination by any such entity by reason of Plaintiff's disability.

55.) 42 U.S.C. § 121 82(b) prohibits participation in unequal benefits:

It shall be discriminatory to afford an individual on the basis of a disability with the opportunity to participate in or benefit from a good that is not equal to that afforded to other individuals.

(iii) Separate benefit

It shall be discriminatory to provide an individual on the basis of a disability with a good that is different or separate from that provided to other individual, unless such action is necessary to provide the Individual a good, service facility, privilege, advantage or accommodation, or other opportunity that is as effective that provided to others 42 U.S.C. § 12182 (b) (1) (ii) –(iii).

60.) Defendant facility are places of public accommodations with the meaning of 42 U.S.C. § 12181(7)(G).

56.) Defendant discriminated against Plaintiff on the basis of his disabilities by refusing not accommodating himself and his service animal at Defendant's facility and in violation of the ADA

57.) U.S.C. §12132, 42 U.S.C§. 12182(a)&(b), 28 C.F.R §. 36.201 (a) and 28 C.F.R. § 36.301- 36.306.

58.) Defendant's actions are alleged herein have resulted in the will continue to result in and will continue to result in irreparable injury for which Plaintiff has no adequate remedy at law.

47. Attorney Kam has finally granted me access to the files regarding CV-09-00537 on March 16, 2016. There were copies of envelopes in 2 ( two ) files and copies were ordered, but will be submitted at a later date in this case, However , she did not comply in releasing all of the information of my motions of correspondence and appropriate mailing envelopes with the stamp dated /time to as I had requested and as authorized by OIP.  Ex.# 29

13

## COUNT I

## UNLAWFUL DISCRIMINATION UNDER ADA

48.) Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-47 above.


49.) Plaintiff has disability with the meaning of American with Disabilities Act 42 U.S.C. § 12101 ,et.seq. Plaintiff has a physical or mental impairment that substantially limits one or more of the major life activities of Plaintiff. These activities include walking, working, sleeping, thinking and concentrating. Plaintiff has a record of such impairment. Plaintiff is being regarded as having such an impairment. Plaintiff is qualified individual with a disability within the meaning of ADA.

50.) Plaintiff meets the essential eligibility requirements for protection under the 11 ADA. Plaintiff's dog is a service animal within meaning of ADA. 28 C.F.R. § 36.302(c).

51.) Defendants are private entities with meaning of America with Disabilities Act.

52.) 28. C.F.R. § 36.201(a) provides that: Prohibition of discrimination.

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any government entity who owns ,leases ( or leases to ) ,or operates a place of public accommodation.

53.) Defendants placed undue burdens on Plaintiff that involved significant difficulty or expense in violation of ADA. Defendants denied reasonable accommodations for Plaintiff. Defendants discriminated against Plaintiff, a qualified individual on the basis of his disabilities.

## COUNT II

Violation of Federal Statues 18 U.S.C. §1341 "Mail Fraud";

59. Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-58 above.

60. By the actions alleged above, on or after May 15, 2009 the Defendant knowingly and with intent to defraud, accessed Plaintiff's U.S. Certified Mail without authorization and/or in excess of authorized access. Plaintiff did not discover these violations until on or about March 24, 2011 upon receipt of Defendant's letter.

61. By the actions alleged above, Defendant allegedly having devised or intended to devise a scheme to defraud did obtain unauthorized access to use Plaintiff's U.S. Certified Mail of May 15, 2009 and then used the U.S. Mail for the purpose of executing or attempting to execute  the scheme or ( specified fraudulent acts) for the value of that use exceeds more than $5,000 in any 1 year period.

62. Defendant activity constitutes a violation of the Federal  Statues 18 U.S.C. §1341 "Mail Fraud"; Plaintiff is entitled to damages under that Act. 18 U.S.C. § 1341 "Mail Fraud".

## COUNT III

### Violation of Federal Statues 18 U.S.C. §1343 "Wire Fraud"

63. Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-62 above.

64. By the actions alleged above, on or after May 15, 2009 Defendant knowingly and voluntarily with intent to defraud, accessed Plaintiff's U.S. Certified Mail without authorization and/or in excess of authorized access to Plaintiff did not discover these violations until on or about March 24, 2011 upon receipt of Defendant's letter .

65. By the actions alleged above, Defendant's having devised or intended to devise a scheme to defraud did obtain unauthorized access to use Plaintiff's U.S. Certified Mail of May 15, 2009 and then used the Internet E:mail system of the Attorney General's office for the purpose of executing or attempting to execute  the scheme or ( specified  fraudulent acts) for the value of that use exceeds more than $5,000 in any 1 year period.

66. Defendant's activity constitutes a violation of the Federal Statues 18  U.S.C. §1343 "Wire Fraud"; Plaintiff is entitled to damages under that Act.

## COUNT IV

Violation of Federal Statues 18 U.S.C. §1505  "Obstruction of Justice"

67. Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-66 above.

68. By the actions alleged above, on or after May 15, 2009 Defendant's willfully and knowingly with intent to defraud, accessed Plaintiff's U.S. Certified Mail without authorization and/or in excess of authorized access to  Plaintiff did not discover these violations until on or about March 24, 2011 upon receipt of Defendant's letter .

69. By the actions alleged above, Defendant having devised or intended to devise to withhold, remove, conceal and obstruct information through unauthorized access to the Plaintiff's U.S. Certified Mail of May 15, 2009 at the Attorney General's office for the purpose of executing or attempting to execute the scheme  or ( specified fraudulent acts) for the value of that use exceeds more than $5,000 in any 1 year period.

70. Defendant alleged activity constitutes a violation of the Federal  Statues 18 U.S.C. §1505 "Obstruction of Justice"; Plaintiff is entitled to damages under that Act.

## COUNT V

## INVASION OF PRIVACY

71. Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-70 above.

72. Defendant alleged conduct in accessing, removing and concealing Mr. Larson's confidential legal information and communications, including those subject to the attorney-client privileges was outrageous and in violation of the State of Hawaii Constitution Article 1 - Section 6 "Right of Privacy".

73. Defendant's unreasonably and seriously interfered with Mr. Larson's confidential and legal interests in not having his Larson's full legal communications known to the Court of Hawaii or Ninth Circuit Court of Appeals.

74. Defendant allegedly removed and concealed Mr. Larson's legal confidential information by improperly and purposely intrusive means.

75. Defendant's conduct was allegedly designed to remove and conceal information which would not be available through normal inquiry or observation. Defendant allegedly used or relied on this breach of confidential information to deny Larson's rights to fair and impartial representation.

76. Defendant conduct was allegedly designed to prevent the Plaintiff from gaining access to the Attorney General files and investigate to locate the complete and requested "evidence of facts" as required by OIP until before on or after March 24, 2011and upto March 16, 2016.

77. As a result of Defendant's alleged conduct the Plaintiff suffered injury and damages, Plaintiff is entitled to compensatory and punitive damages from Defendant for intentional and/or willful conduct.

19

## COUNT VI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-77 above.

79. This is a claim for intentional infliction of emotional distress. Plaintiff's emotional distress claim is for injuries and damages occurring over the protracted period of time that Attorney General refused to pay the financial costs of these violations due to the Plaintiff.

80. Defendant's alleged acts complained of throughout this complaint causing the harm was intentional or reckless. Defendant's acts in removing and concealing Plaintiff's intercepted written communications was intentional or reckless. These acts were outrageous. These acts caused extreme emotional distress to Plaintiff.

81. Defendant's alleged conduct constitutes willful and intentional or malicious wrongs. Defendant's conduct was willful, malicious, gross negligence, or reckless disregard for the rights of Plaintiff. Defendant acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing.

82. As a result of Defendant's alleged conduct, Plaintiff suffered injury, including mental suffering, mental anguish, mental or nervous shock, or the like. Plaintiff also suffered injury including highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea.

20

83. Defendant's alleged conduct caused a significant impact upon Plaintiff including emotional distress so severe that no reasonable person could be expected to endure it.

84. The serious or severe emotional distress caused to the Plaintiff was the reasonably foreseeable consequence of the Defendant's intentional acts or omissions.

85. Defendant is liable to Plaintiff for the injuries he suffered.

91. Plaintiff demands compensatory damages and punitive damages for the injuries suffered caused by Defendant's conduct.

86. The serious or severe emotional distress caused to the Plaintiff was the reasonably foreseeable consequence of the Defendant's intentional acts or omissions.

87. Defendant is liable to Plaintiff for the injuries he suffered.

88. Plaintiff demands compensatory damages and punitive damages for the injuries suffered caused by Defendant's conduct.

## COUNT VII

## PUNITIVE DAMAGES

89. Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-88 above.

90. Defendant acted with alleged malice, fraud, gross negligence, or Oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing.

91. Plaintiff is entitled to punitive damages in addition to his claimed compensatory damages.

WHEREFORE, Plaintiff demands judgment on his claims in the form of declaratory, injunctive, and monetary relief, including compensatory, consequential, special, and punitive damages, in the amount $150,000.00 to be proved at trial and prejudgment interest, costs, attorney fees, and any other relief that is just and proper.

Respectfully submitted,

DATED: MARCH 23, 2016

Lonnie E. Larson

Plaintiff, pro se